INHABITANTS OF GEORGETOWN *vs.* WILLIAM E. HANSCOME.

Sagadahoc.   Opinion March 11, 1911.

*Taxation.   Lumber.   Landing Place.   Place of Taxation.   "Occupy."   Statutes.
Construction.   Intention.   Revised Statutes, chapter 9, section 13, paragraph I.*

Land abutting upon water, from which water shipments can be made, and leased for that purpose, with privileges of piling lumber, is a landing place, within Revised Statutes, chapter 9, section 13, item I, authorizing taxation of personalty employed in trade where the owner occupies a landing place.

Under Revised Statutes, chapter 9, section 13, item 1, providing that personalty employed in trade shall be taxed in the town where it is employed April 1st, if the owner occupies a landing place, etc., employment of lumber in trade and the owner's occupation of a landing place in the town are the distinct facts to be found to make lumber taxable, and in such circumstances lumber located somewhere in a town is taxable, though it be not moved to the landing place until after April 1st.

"Occupy," within Revised Statutes, chapter 9, section 13, item I, providing that personalty employed in trade shall be taxed in the town where it is employed April 1st, if the owner occupies a landing place, etc., means having control in whole or in part, having a special right to use.

In construing a statute, the policy and intent of the legislature is to be ascertained from the whole act, a thing within the letter not being within the statute, if contrary to intention, and manifest intent controls words.

In construing a statute, its history and manifest purpose can be considered.

Words of a statute are to be construed with reference to the subject-matter.

On report.   Judgment for plaintiffs.

Action of debt for the collection of a non-resident tax upon certain lumber.   Plea, the general issue.   At the conclusion of the evidence the case was reported to the Law Court for determination.

The case is stated in the opinion.

*George E. Hughes,* for plaintiffs.

*F. O. Purington,* for defendant.

SITTING :    EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, KING, BIRD, JJ.

SPEAR, J.    This is an action of debt for the collection of a non-resident tax upon certain lumber, and is based upon the allegation that the defendant in 1909 was occupying a landing place in the plaintiff town for the purpose of using the "lumber in trade and selling the same in open market."    In the evidence it was stipulated that all the preliminary facts necessary to authorize the institution of the action, had been established.    In contemplation of R. S., chap. 9, sec. 13, item I, two questions are raised.    (1)    Was the lumber taxed employed in trade.    (2)    Did the owner occupy a landing place.    Item I provides :    "All personal property employed in trade, in the erection of buildings or vessels, or in the mechanic arts, shall be taxed in the town where so employed on the first day of each April ; provided, that the owner, his servant, sub-contractor or agent, so employing it, occupies any store, shop, mill, wharf, landing place or ship yard therein for the purpose of such employment."    The evidence affords ample proof of the conclusion that the wharf and premises leased to the defendant by written lease on February 21, 1909, constituted a landing place in the purview of the statute.    The lease conveyed to the defendant for the term of one year, for the privilege of piling lumber on and loading the same on vessels, certain tracts of land described by metes and bounds and containing wharf privileges.    These premises were situated immediately upon the water from which water shipments could be made, and this was the avowed purpose of the lease.

The undisputed evidence, however, proves that none of the lumber upon which the tax in suit was imposed was actually upon the landing place on the first day of April, 1909.    The landing place was not used either for the purpose of selling or piling lumber until October, five months after it was taxable.    The question is therefore raised whether under the statutes personal property to be employed in trade for the purposes of taxation must be actually situated upon the landing place on the first day of April, or whether it may be situated in any part of the town in contemplation of being later

conveyed to the landing place for sale or shipment. In other words, in order to become the subject of taxation, was it necessary for the lumber in this case to have actually occupied the landing place on the first day of April, or could it have been situated upon a sticking ground more than half a mile distant, as the evidence shows it was. The language of the statute does not require that, to be made taxable, lumber should occupy the landing place on the first day of April. In its application to this case the phraseology of the statute to make the lumber taxable requires the finding of but two distinct facts : first, that it was employed in trade and language of *Gower* v. *Jonesboro*, 83 Maine, 143, was employed in "any sort of dealings by way of sale or exchange ; in commerce ; in traffic ;" and second, that the owner of the lumber occupied a landing place in the town. "Occupy," as used in this statute, must be construed to mean having the control of in whole or in part ; having a special right to use. It is, therefore, quite plain that a literal interpretation of the language of the statute, with respect to whether the lumber was employed in trade and whether the defendant occupied a landing place, brings the case within the statute.

But statutes cannot always be construed with reference to the literal meaning of the language employed. Let us therefore endeavor to discover the purpose of the legislature in enacting this statute, and see if they intended that it should apply to a state of facts presented by the case at bar. The rule of construction, that the policy and intent of the legislature is to be ascertained ; that a thing within the letter is not within the statute if contrary to intention ; that the history and manifest purpose may be resorted to ; that words are to be construed with reference to the subject matter ; that the meaning of the statute is to be ascertained and declared even though it seems to conflict with the words ; that the intent must be gathered from all parts of the statute ; is so well established that citation in unnecessary. The undoubted purpose of the statute under consideration was the adoption of a scheme that would prevent personal property, located in towns other than the residence of the owner, from escaping taxation. The theory of the statute is based

upon the reasonable ground that the municipal officers of the town, where the personal property is located on the first day of April, are more apt to discover it than the municipal officers in the resident town of the owner, which may be many miles away. As was said in *Gower* v. *Jonesboro*, supra, "This statute is to be construed liberally in order to effectuate the object to be accomplished by its provisions; instead of placing such a construction upon it as would leave it in the power of the owner of such property successfully to evade taxation for it anywhere." In view of the purpose and intent of the legislature in enacting this statute, we are unable to discover any reason why "landing place," within the meaning of the statute, should not be classed in the same catagory as "store," "shop" and "mill." But it has been decided that personal property although situated on the first day of April along a river in several different towns, if intended for manufacture and sale at a mill situated in another town, is subject to taxation in the latter town. *Ellsworth* v. *Brown*, 53 Maine, 519; *Farmingdale* v. *Berlin Mills Co.*, 93 Maine, 333.

Our conclusion is that the personal property in this case, although not actually occupying the landing place on the first day of April, when it became taxable somewhere, was embraced within the intent and purpose of the statute calculated to cover this class of property.

It is contended by the defendant, however, that the facts in this case are so nearly identical with those in *McCann et al.* v. *Minot*, 107 Maine, 393, 78 Atl. Rep. 465, that the plaintiff is concluded by the decision of that case. But a careful analysis shows that the facts in the two cases are entirely dissimilar. In the Minot case the defendant had stuck up his sawed lumber in a field, and had performed no other act whatever in regard to it. Upon this single fact the court say : "A field, where lumber is 'stuck up' for seasoning there to remain until sold, then to be hauled to the railroad for transportation, is not a landing place within the meaning of the statute." In the case at bar in addition to a field where the defendant's lumber was "stuck up," he had leased a landing place and wharf for the express purpose of selling and shipping his lumber. Nor does the

case at bar fall strictly within the facts embraced in *Gowen* v. *Jonesboro*, supra. In that case it was admitted that the personal property was upon the landing place on April 1st.

Upon a casual observation the Minot case and the Jonesboro case appear to be similar in facts, although resulting in opposite opinions by the court. But an accurate investigation will disclose that in the Jonesboro case the occupation and use of a "landing at the shore" to which the lumber was hauled was admitted, while in the Minot case the very question to be determined was whether a "landing place" was proven; whether the field where the lumber was necessarily stuck up to dry was a "landing place." The court held as a matter of fact that it was not. In the latter case, at the place of shipment upon the cars, the defendant had no occupancy or control of the shipping facilities beyond that of any other patron of the railroad. He therefore had no distinct landing place, apart from the field, half a mile distant from the railroad, which, by the very necessity of his business, he was obliged to occupy. In other words, the occupancy of a sufficient area for the sticking of manufactured lumber is a necessity, has no tendency, per se, to prove a landing place, and may or may not be held to constitute a landing place, depending upon the facts and circumstances involved in the particular case under consideration. Each case must stand upon its own facts. It is, therefore, highly improbable, in this class of cases, that one decision can be regarded as a complete precedent for another.

*Judgment for the plaintiffs.*